Arthur Wachtel, J.
Landlord seeks a final order pursuant to subdivision 6 of section 52 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission (now N. Y. City Rent, Eviction and Rehabilitation Regulations, § 52, subd. f, eff. May 1,1962) on the ground that the tenant has unreasonably refused the landlord access to the housing accommodation for the purpose of making necessary repairs or improvements required by law. The landlord relies upon the violation filed in the office of the Department of Buildings of the City of New York on December 27, 1961, to the effect that the refrigerator was defective “ (out of order — hole in freezing-compartment of the unit,) ”.
Prior to the date when this violation was filed, namely, on November 20,1961, the landlord wrote to the tenant, stating that the freezing unit was punctured with a sharp instrument and that the tenant was responsible for this damage. “ Upon receipt of the $47.95, we will order this unit installed.” The tenant refused to permit access to install the new freezer unit on January 9, 1962. The tenant contends that he obtained a new refrigerator in November or December, 1961, and that he is no longer using the defective refrigerator which still remains in the apartment. The landlord now contends that the refusal on the part of the tenant to permit access for the purpose of installing a new freezer unit in the defective refrigerator justifies a final order in favor of the landlord.
The burden of proof is upon the landlord in these cases to show that the tenant has unreasonably refused the landlord access. The tenant refused access because the landlord imposed as a condition the payment by the tenant for the repair “ out of the security.” This was a matter to be tried by the court and the landlord had no right to impose such a condition in seeking to enforce his right to access. If the tenant refused, as he did, to pay, the landlord had its remedy in court to sue the tenant *94 for damages. But it cannot impose such a condition, require the payment to he from the security it held as a trust fund, without a judgment of the -court, and utilise the refusal of the tenant to give access, under such circumstances, as a basis for evicting him, To permit such interpretation of subdivision f of section 52 of the Bent ¡Regulations would, in effect, open the door to incalculable abuse, It would bo easy for landlords to impose a duty upon tenants to pay for repairs and if they refused access where they challenged such obligation, they would then he subject to eviction. I do not believe that the regulations were intended to permit such a result-
No decision, of course, is made if the landlord were to make a request for access to repair without imposing this condition.
Accordingly, petition dismissed, without prejudice.